UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLIN LATEANO, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:23-cv-2757 |
| v. ) ) | |
| CHICAGO CUBS BASEBALL CLUB, LLC, ) ) ) | **JURY DEMAND** |
| Defendants. ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Colin Lateano, on behalf of himself and other similarly situated individuals, sues Defendant Chicago Cubs Baseball Club, LLC, ("Chicago Cubs") and alleges the following:

**NATURE OF ACTION**

1. This case concerns automated telemarketing text messages the Chicago Cubs sent to Mr. Lateano promoting the sale of its baseball tickets in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. The Chicago Cubs' automated equipment sent these messages even after Plaintiff requested it to stop sending further messages.

3. Because telemarketing campaigns run by automated equipment are generally programmed to send messages to thousands of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed class of persons who also received Defendant's messages after making a stop request.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff Colin Lateano is a resident of Chicago, Illinois.

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

9. Chicago Cubs Baseball Club, LLC is a Delaware limited liability company with its principal place of business in Chicago, IL.

## LEGISLATIVE AND REGULATORY BACKGROUND

10. The TCPA instructs the Federal Communications Commission to implement regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c).

11. Pursuant to that instruction, the FCC has implemented the following rule: "Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request." 47 C.F.R. § 64.1200(d)(3).

12. The TCPA provides a private cause of action to persons who receive calls in violation of this regulation. 47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

13. At all times relevant hereto, Mr. Lateano subscribed to the telephone number (773) 368-XXXX ("Plaintiff's Number") and used this number for personal and residential purposes.

14. Prior to July 21, 2022, the Chicago Cubs sent several text messages to Plaintiff's Number promoting the sale of baseball tickets.

15. On July 21, 2022, Plaintiff responded to one of these messages with a message saying "Stop."

16. Despite that instruction, Defendant sent numerous text messages to Plaintiff's Number thereafter promoting the sale of baseball tickets, including the following:

> "You've got first dibs on Cubs Tickets! Secure your ticket pack today: http://bit.ly/3HTsjwq Text STOP to cancel." Sent on Feb 2, 2023.
>
> "It's game time! Cubs single game tickets on sale now. Secure tickets for the best matchups, giveaways & more! https://atmlb.com/3lMz2al Text STOP to cancel." Sent on February 24, 2023.
>
> Welcome to the Chicago Cubs SMS alerts! Don't miss Opening Day on 3/30 vs. Brewers. Grab your tickets today! https://gr.order.cubs.com/6Gscbd." Sent on March 24, 2023.

17. The Chicago Cubs failed to institute the procedures necessary to honor do-not-call requests and did fail to honor Plaintiff's do-not-call request.

18. Defendant's actions harmed Plaintiff by intruding upon his seclusion, interfering with the legitimate use of his phone, wasting his time, and invading his privacy.

## CLASS ACTION ALLEGATIONS

19. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

20. Mr. Lateano brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23(b)(3).

21. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States (1) subscribing to a residential telephone number (2) to which Defendant sent at least two text messages within a 12 month period (3) promoting its goods for sale (4) at least 30 days after receipt of a "stop" reply (5) within four years of the date of the Complaint.

22. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

23. The Class defined above are identifiable through phone records and Defendant's internal records.

24. Given the generic nature of the telemarketing campaign, and the use of programmed, automated telemarketing equipment, the Class numbers at least in the thousands. Individual joinder of these persons is impracticable.

25. Mr. Lateano is a member of the Class.

26. There are questions of law and fact common to Plaintiff and the Class, including but not limited to the following:

> Whether the calls qualify as "telemarketing"

4

Whether the actions of the Defendant were knowing or willful.

27. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

28. Mr. Lateano is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

29. Common questions of law and fact predominate over questions affecting only individual class members.

30. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were are all automated and made as part of the same telemarketing campaign.

31. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

32. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## CAUSE OF ACTION

Count One - Telemarketing Calls Made After a Do-Not-Call Request

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

34. Defendant violated 47 U.S.C. § 227(c) and the FCC's regulation at 47 C.F.R. § 64.1200(d)(3) by failing to institute procedures necessary to honor do-not-call requests and by placing telemarketing calls to Plaintiff and the class's residential phone numbers after receipt of a do-not-call request.

35. As a result of the Chicago Cubs' violations, Plaintiff and the Class are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly made violation, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief:

A. An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23 and appointing the lawyers representing Plaintiff as counsel for the Class.

B. An award of Statutory damages to Plaintiff and the Class for at least the statutory minimum of $500 per violation of the TCPA.

C. An order finding Defendant's violations to be knowing or willful and trebling statutory damages to $1,500 per violation of the TCPA.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully Submitted,

PLAINTIFF, individually and
on behalf of others similarly situated,

By: *s/Timothy J. Sostrin*

Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
tsostrin@keoghlaw.com
Keith@KeoghLaw.com

*Attorneys for Plaintiff*